UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK J. ROBERTS, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br>BANK OF AMERICA CORPORATION,<br>and FIA CARD SERVICES, N.A.,<br><br>Defendants. | Civil Action No. 3:12-cv-00236<br><br>Judge Kevin Sharp<br>Magistrate Judge E. Clifton Knowles<br><br>CLASS ACTION<br><br><br><br>DEMAND FOR JURY TRIAL |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the parties submit this Proposed Initial Case Management Order.

1. **Jurisdiction.**

Plaintiff invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), which gives the Court jurisdiction to hear certain class action claims.

Defendants (hereinafter "BOA") have received service of process.

2. **The Parties' Theories of the Case.**

    a) **Plaintiff's Theory of the Case.**

Defendants are an issuer of credit cards and owns or services those credit card accounts. As a holder of Defendant's credit card, Plaintiff entered into a contract with Defendants.

1

Despite clear contractual language in the credit card agreements to the contrary, Defendants do not apply payment amounts in excess of the Total Minimum Payment Due to balances with higher APRs before balances with lower APRs.

Plaintiff was holder of a Visa Platinum Plus credit card (Visa Card) issued by Defendant Bank of America. During a period of several months in 2011 Plaintiff maintained three balances on his Visa Card: one for purchases, with an interest rate of 6.24%; one for balance transfers also with an interest rate of 6.24%; and one for bank cash advances with an interest rate of 19.24%.

On or about May 26, 2011 Plaintiff obtained a cash advance in the amount of $15,000 using his Visa Card. For the period August 23, 2011, through September 21, 2011, Plaintiff's cash advance balance subject to interest was $15,033.20. Plaintiff's Visa Card statement covering the period of August 23 to September 21, 2011 showed a Total Minimum Payment Due of $515.

On October 12, 2011, Plaintiff made an online payment of $16,000 on his outstanding balances. Thus, pursuant to Plaintiff's contract with Defendants, $515 of said payment should have been applied to the balances on either or both of his accounts with an interest rate of 6.24% and the remainder of $15,485 should have been applied to his then existing balance of $15,033 on the account carrying an interest rate of 19.24%. Even with the amount of interest for the periods August 23 to September 21 and September 21 through October 12 (the date of his payment) which were $234.73 and $160.36 respectively, the total amount due as of October 12, 2011 was only $15,431.29; that is, $53.71 less than the $15,485 available to be applied to the higher interest account.

Despite Plaintiff's payment on October 12, 2011, which, pursuant to the express terms of his contract, should have completely paid off the portion of his Visa Card account subject to the

19.24% interest rate, Plaintiff's statement covering the period October 22 to November 19, 2011 reflected an outstanding balance of $52.34 remaining on that portion of his account.

Instead of properly accounting for Plaintiff's excess payment, and in violation and breach of Plaintiff's contract with Defendants, Defendants applied more than the Total Minimum Payment Due to those balances with a 6.24% interest rate, and less than the remaining $15,485 to the portion of Plaintiff's Visa Card account subject to the higher interest rate.

Because the allocation of payments is applied uniformly by software, the same problem extend to all members of the proposed class.

### b) Defendants' Theory of the Case.

Bank of America Corporation and Bank of America, N.A., are not proper parties to this action. Neither entities are credit card issuers as alleged in the complaint and should be dismissed from this action.

FIA Card Services, N.A., admits it issued a credit card to plaintiff. It disputes plaintiff's allegation that plaintiff's payment was improperly applied and states that Plaintiff's payment was applied to the appropriate balances as they existed at the time of the payment.

Defendants dispute that this matter is appropriate for class treatment. Even if plaintiff's contentions as to misapplication of payments were correct, determining the circumstances of each application of payment by each member of the putative class would be an intensely fact-specific and individualized inquiry. Moreover, given the nature of the recovery sought—the interest differentials on relatively small balances over relatively short periods of time—the cost associated with these individualized, fact-specific inquires would outweigh recovery by the putative class.

3. **Alternative Dispute Resolution.**

The parties have begun informal settlement discussions and believe that continuing such discussions may be both fruitful and cost-effective. Accordingly, the parties are proposing dates for their discovery plan which are slightly delayed.

4. **Initial Disclosures and Staging of Discovery.**

   a) **Initial Disclosures.**

The deadline to exchange the information specified by Fed. R. Civ. P. 26(a)(1) is **August 31, 2012**.

   b) **The Parties' Proposed Discovery Plan.**

All fact discovery shall be completed by **March 1, 2013**.

Discovery is not stayed during the pendency of discovery motions, unless ordered by the Court. The deadline for filing discovery-related motions is **March 16, 2013**.

5. **Joinder and Amendments.**

The parties will be allowed until **January 4, 2013**, to move for amendments to the pleadings.

6. **Motions For Class Certification.**

Plaintiffs shall file their Motion to Certify Class by no later than **November 30, 2012**. Defendants shall file their response to Plaintiffs' Motion to Certify Class by no later than **January 7, 2013**. Plaintiffs shall file their reply, if necessary, by no later than **January 21, 2013**. *If the Motion is filed earlier than 11/30/12, the Response and Reply deadlines are moved up accordingly.*

4

7. **Expert Discovery.**

Plaintiffs shall submit any expert reports by no later than **April 15, 2013**. Defendants shall submit any expert reports by no later than **May 31, 2013**. Expert depositions shall be completed by **July 16, 2013**.

8. **Dispositive Motions.**

The parties shall have until **August 30, 2013** to file dispositive motions. Responses to such motions should be filed no later than **September 30, 2013**. Any Replies must be filed no later than October 14, 2013. *If a dispositive motion is filed earlier than 8/30/13, the Response and Reply deadlines are moved up accordingly.*

IT IS SO ORDERED.

*This case is set for jury trial on January 21, 2014, at 9:00 am before Judge Sharp. The pretrial conference is set for December 30, 2013 at 1:30 pm.*

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

APPROVED FOR ENTRY BY:        Dated: May ____, 2012

/s/ Douglas S. Johnston, Jr.
**DOUGLAS S. JOHNSTON, JR.**
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
(615) 244-2202
djohnston@barrettjohnston.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DAVID W. MITCHELL
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
davidm@rgrdlaw.com
*Counsel for Plaintiff*